# SUPREME JUDICIAL COURT

FOR THE COUNTY OF

# WALDO.

**JULY TERM,**

**1828.**

---

LOTHROP, *plaintiff in error, vs.* MUZZY, *original plaintiff.*

A judgment debtor, whose goods have been seized and sold on execution, does not stand in the relation of vendor to the purchaser. And therefore, not being liable on any implied warranty, he is a competent witness in any suit between other persons respecting the goods.

ERROR to reverse a judgment of the Court of Common Pleas, in an action of trespass *de bonis asportatis.*

It appeared, from the record sent up, that *Muzzy,* a constable of the town of *Searsmont,* having in his hands an execution in favor of one *Tilden,* against *John Jones,* seized and sold at vendue a certain quantity of hay; which, after the sale, and before delivery to the purchaser, *Lothrop* claimed and took away, as his own; which was the trespass here complained of. At the trial, before *Perham J.* the plaintiff offered *Jones* as a witness; to whose admissibility the defendant objected; though it appeared that the original execution was fully discharged by the creditor's attorney, and that the creditor, in consideration of the proceeds of the hay, had released *Jones* from all liability respecting the hay, and discharged the execution; and that

Lothrop *v.* Muzzy.

*Muzzy* also had released him from all liability on that account. The Judge overruled the objection, and admitted the witness; to which the defendant filed exceptions.

*Crosby,* for the plaintiff in error, contended that *Jones* was interested, notwithstanding the releases; for if the property was his own, the proceeds would go to the payment of his debt, and the surplus to himself; the officer being but a trustee. 12. *Mass.* 411. 1. *Phil. Ev.* 50. *note (b.)* 1. *N. Hamp. Rep.* 189. He stood in the place of a vendor, who is not a competent witness in an action against the vendee upon a warranty of title. 6. *Johns.* 5.

And his interest was not released, there being no act of his own. The discharge of the execution did not remove it; for considered alone, independent of the hay, it entitled the debtor to the immediate restoration of the property taken.

The verdict also, he insisted, might be evidence for *Jones,* either in a suit of his own against the officer for the surplus proceeds; or in an action by *Lothrop* against *Jones* for the value of the hay, as so much money paid for his use.

*J. Williamson,* for the defendant in error.

The opinion of the Court was read at the sittings after term, in *September* following, as drawn up by

MELLEN C. J. The only question specially presented on the exceptions filed in the court below, and to which the arguments of the counsel have been directed, is whether *John Jones* was a competent witness, and properly admitted. The cases cited from the New York and New Hampshire Reports, to shew that the vendor of a chattel, by the very act of selling it as his own, becomes a warrantor, without any special warranty, and that he is therefore an interested and incompetent witness in support of the title of the vendee, seem to be inapplicable to the case under consideration. *Jones,* the witness, does not stand in the character of a vendor of the hay. He never sold it to *Muzzy,* nor to any one else; of course he has never subjected himself to the obligations of an express or implied warranty. Whatever property he once had in the hay, has been devested by an adversary

process, valid and binding on him without and against his consent. On this ground, therefore, he cannot be considered as an incompetent witness. A grantor or vendor without warranty is always a good witness. *Busby v. Greenslate* 1. *Str.* 445. *Twombly v. Henley* 4. *Mass.* 441. It has been urged, however, that *Jones* was interested on another ground ; namely, that if *Tilden's* judgment and execution were not legally discharged by *Williamson*, as his attorney, then *Jones* was interested to establish the ownership of the hay in himself, at the time of its seizure and sale on execution, so as by means of such sale to satisfy the execution ; and if the judgment and execution were discharged by the attorney then the damages recovered by *Muzzy* would in fact belong to *Jones*, and he could recover them of him on the ground of his being a mere trustee of *Jones* to the amount of such damages. This argument rests on the assumed principle that the verdict in the present action would be legal evidence, by which *Jones* in any future action between other parties might realize and secure to himself all the advantages and rights which he anticipates and expects. But would such be the case? Should *Lothrop* sue *Tilden* and *Muzzy*, in an action of trespass for taking and disposing of the hay, the verdict in this action would be no evidence in that ; or should he sue *Jones* alone, or jointly with *Tilden* and *Muzzy*, or with either of them, in such action of trespass ; in either case the law would be the same. So if *Jones* should sue *Muzzy*, on the ground of his holding the damages recovered, as his trustee, the verdict in this case could not be legal evidence for him. In all the cases above supposed, the parties would be different from those now before the court. It is a general rule, that a verdict is evidence only between the same parties, or such as claim under the same parties. And *Ch. B. Gilbert* lays it down, "that nobody can take benefit by a verdict, who had not been prejudiced by it, had it gone contrary." And a stranger cannot give a verdict in evidence, even against one who was a party to the former suit. 1. *Phil. Evid.* 249. 250. *Burgess v. Lane & al.* 3. *Greenl.* 165. It is perfectly clear that *Jones* cannot in any manner be prejudiced by the verdict in the case at bar. It is true that he may have testified under the influence of wishes, and perhaps of strong feelings, in favor of the original plain-

tiff; and on that account his testimony might have been liable to suspicion and doubt; but this was a proper subject for the consideration of the jury, and could not operate to exclude him as incompetent. In the view we have taken, no further allusion is necessary to the several releases executed at the trial.

We perceive no error in the record and proceedings before us; and accordingly the judgment is affirmed, with costs for the defendant in error.